JAMES RUSSEL, and ELIZABETH, his wife, appellants, *v.* MARY MARTIN, appellee.

### *Appeal from Clinton.*

Where there are several counts in a declaration, and an amendment is made to one of the counts, which could not have surprised the defendants or varied their defence, because the declaration contained another count substantially the same, it is no cause for a continuance.

In an action by a female for slander, the plaintiff amended her declaration, by asserting that she was " sole and unmarried " : *Held,* that the amendment was wholly immaterial, and no cause for a continuance.

Issues were joined in an action for slander, upon a plea of " not guilty," and of the statute of limitations, and the plaintiff amended her declaration, and thereupon the defendants pleaded not guilty, and the statute of limitations to the amended declaration, and the plaintiff took issue upon the first plea, and replied to the second, that the words were spoken within a year. To this replication the defendant demurred. On the demurrer being called up for argument, the Court directed the parties to go to trial upon the issues already made : *Held,* that the decision of the Court was correct, as it would have consumed time uselessly to have heard an argument on the demurrer.

Where a question is asked a witness by the plaintiff, which is objected to by the defendant, and the objection overruled by the Court, unless the answer of the witness appears, the decision of the Court cannot be assigned for error.

Unless a bill of exceptions shows that illegal testimony has been received, the de-

Russel *et al. v.* Martin.

cision of a Court in permitting an illegal question to be asked, cannot be assigned for error.

The recalling of a witness, after his examination has been closed, is a matter of discretion in the Court, and cannot be assigned for error.

THIS cause was tried at the March term, 1840, of the Clinton Circuit Court, before the Hon. Sidney Breese and a jury. A verdict was rendered for the plaintiff for $ 400.

A motion was made in arrest of judgment, which was overruled, and judgment rendered on the verdict.

BENJAMIN BOND, for the appellants.

A. P. FIELD, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action on the *case for slander*, commenced by Mary Martin against James Russel, and Elizabeth, his wife, for words spoken by Elizabeth Russel against the plaintiff below. The declaration contained three counts.

In the first count, the words spoken charged the plaintiff with conduct showing her to be unchaste ; thereby meaning that plaintiff had been guilty of adultery. In the second count, the charge is also a want of chastity ; thereby meaning that plaintiff had been guilty of fornication. In the third count, the words alleged to have been spoken were, that the plaintiff was a whore, and had stolen ten dollars. To this declaration, the defendants pleaded not guilty, and not guilty within one year ; on which pleas issues were joined. The defendants also pleaded four pleas of justification. To the pleas of justification, the plaintiff demurred, and defendants joined in demurrer.

The Court adjudged, on the hearing of the demurrer, that the declaration was bad, and gave leave to the plaintiff to amend her declaration, which was done by inserting in the declaration, that plaintiff was " sole and unmarried," and by erasing in the first count the word " adultery," and inserting the word " fornication." The defendants thereupon moved the Court for a continuance of the cause, because of said amendment, which was overruled by the Court, and the defendants ordered to plead to the amended declaration on the next day ; at which time the defendants filed two pleas to the amended declaration, one the general issue, and the other the statute of limitations. To the first plea the plaintiff joined issue, and to the second plea, of the statute of limitations, the plaintiff replied, that the words were spoken within a year, &c. ; to which replication the defendants demurred.

On the demurrer being called up for argument, the Court being informed that an issue had already been made upon the plea of the statute of limitations heretofore filed to the whole declaration, directed that the parties go to trial upon the plea of the general issue, and the issue made up upon the plea of the statute of limitations filed to the original declaration.

To this decision of the Court the defendants excepted.

On the trial of the cause, the plaintiff's counsel read the declaration to a witness, and asked him if he had heard Elizabeth Russel speak the words therein mentioned of the plaintiff; to which the defendants objected; but the Court overruled the objection, and the witness was permitted to answer; but what the answer was is not stated.

The plaintiff also proposed to ask said witness respecting the general character of the plaintiff, before any testimony had been introduced by defendants, to which proposition the defendants objected, but the Court overruled the objection, and the witness answered the question; but the answer is not given. The plaintiff then called a witness and prayed to prove by said witness, the speaking of slanderous words by the said Elizabeth of the plaintiff, more than a year before the commencement of this suit, for the purpose of showing the motive of defendant; to which proposition the defendants objected, but which objection was overruled by the Court.

It does not, however, appear that any evidence was given under this permission.

The plaintiff also recalled a witness who had been examined by *the plaintiff in chief,* and cross-examined by defendants, and some of whose statements had been contradicted by defendants' witnesses, for the purpose of reiterating statements made by said witness on her first examination; to which defendants objected, but the objection was overruled, and said witness was reëxamined.

The first error relied on, is the refusal to grant a continuance.

The amendment to the declaration, that the plaintiff was "sole and unmarried," was wholly unnecessary. The presumption of law, when a female sues, is that she is sole.

The other amendment only related to the first count, and could not in the slightest degree have occasioned any surprise upon the defendants, or in the least have varied their defence.

There were two good counts in the declaration; and the amendment of the first count being of such a character, that a continuance of the cause was not necessary to attain the ends of justice, the motion for a continuance was correctly overruled.

The second error assigned, that the Court required the defendants to go to trial on the issues joined on the pleas of not guilty, and the statute of limitations, without hearing a demurrer to the replication, could not have injured the defendants. A copy of the last plea of the statute of limitations and the replication thereto, are not given in the record; it is, however, fair to presume that they were similar to those on which issue had been joined. To have heard an argument, would consequently have wasted the time of the Court unnecessarily.

As no injustice is perceived to have resulted from the directing

the cause to be tried on the issues joined to the original declaration, it cannot be assigned for error.

The errors assigned as having occurred on the trial, are not well founded.

The bills of exceptions do not show that illegal testimony was received on the trial.

The recalling of the witness, was a matter of discretion in the Court.

The judgment is affirmed, with costs.

*Judgment affirmed.*